**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
GLOBAL COMMODITIES, INC.,

                                  Plaintiff,

                  -against-                        **COMPLAINT**

ALI BABA ENTERPRISES OF NY, INC. AND
SAYED HASSIB AZAM,                        17-CV-____

                               Defendant.
-----------------------------------------------------------------X

    Plaintiff, by its attorney, Todd Wengrovsky, respectfully sets forth and alleges:

## I.
## JURISDICTION

    1. This is an action for trade dress infringement and unfair competition under 15 USCS 1051, et. seq. The Court has jurisdiction over the claim under 15 USCS 1051 et seq., as well as 28 USCS 1331(a) and 1338(a), 28 USCS 1338(b), and the doctrine of pendent jurisdiction.

## II.
## VENUE

    2. Venue is vested in this Court pursuant to 28 USCS 1391 and 1400 in that the claims asserted here arose within this district, and that Plaintiff's principal place of business is located within this district.

## III.
## THE PARTIES

    3. At all relevant times, Plaintiff Global Commodities, Inc. is and was a corporation organized and existing under the laws of the State of New York. Plaintiff's address is 60 Commerce Drive, Hicksville, NY 11801.

4. Upon information and belief, at all relevant times, Defendant Ali Baba Enterprises of NY, Inc. is and was a corporation organized and existing under the laws of the State of New York, with an address of 146-49 25th Drive, Flushing, NY 11354.

5. Upon information and belief, Defendant Sayed Hassib Azam is an individual and principal of Ali Baba Enterprises of NY, Inc., with an address of 146-49 25th Drive, Flushing, NY 11354. Upon information and belief, as the founder and/or owner of Ali Baba Enterprises of NY, Inc., Sayed Hassib Azam is the conscious, moving force behind the activities of the company and of its ongoing infringement. The company's decisions are made by Sayed Hassib Azam, the daily business of the company is under the control and direction of Sayed Hassib Azam, and the company's actions concerning the ongoing infringement were instigated by, and continue at the behest of Sayed Hassib Azam, who directly benefits financially from such activities.

## V.
## BACKGROUND AND FACTS

### A. Plaintiff's Unique Trade Dress

6. Plaintiff Global Commodities, Inc. is an importer and distributor of food products including rice.

7. Global Commodities is the owner of all right, title, and interest to its trade dress and unique packaging for its "AAHU BARAH" brand rice. Global Commodities has been using such trade dress for many years, and the same has become well known in the industry as a symbol of high quality goods.

8. Global Commodities has spent substantial time, money, and effort in promoting its trade dress, which has achieved commercial success and customer recognition. As such, the intellectual property at issue is of significant value to Global Commodities.

### B. Defendants' Usage Of Plaintiff's Trade Dress

9. Defendant Ali Baba is also an importer and distributor of food products, including rice, and is a direct competitor of Global Commodities.

10. Ali Baba is using Global Commodities' trade dress and unique package design in connection with the identical goods, without license or authorization from Global Commodities, under the brand name "ALI BABA."

11. Following is a side-by-side view of Global Commodities' packaging and Ali Baba's packaging:




12. As can be easily seen, the bags feature the same colors and same overall layout. Appearing at the top of the packages, each brand name contains two words, each of two syllables, each brand with the same "A-B" initials, and each with the same vowel sounds. The brand names have the same curvature on both packages.

13. Furthermore, on each package, the content of the front label is encased within a green rectangle of the same width, featuring scrollwork at each of the four corners.  The scrollwork at each corner contains the exact unique pattern:  a "u" shape in the center, containing an oval, with mirroring oval-shaped scrolls on each side, as well as mirroring curved shapes to the sides of same. On both companies' packages, the text "Net wt." appears in a rectangular box, each separated from actual numerical weight.  Each box around such text is shadowed. The actual weight (in "LB" and "KG") appears on the opposite side from "Net wt" on both packages, also in a shadowed box.

14. Moreover, the back of each company's bag features scroll work of the same color, with identical scrolls in the corners, and a highly similar appearance to the foreign text and layout.

15. In addition, the right side of each bag again bears the brand name, using a red color, identical size, and identical font, within the same sized rectangle.  This is of paramount importance because the sides of the bags are often what the consumer sees on the shelf in retail stores.

16. Finally, each company's bag has a tag on the upper left portion facing front.  The presentation and/or layout of each tag is exactly the same. The directions are identical, including even the specific recommended culinary accompaniments.  In fact, the directions on the tag are so identical that Ali Baba's copy of Global Commodities' package even includes an identical mistake from Global Commodities' package. Specifically, in "Step 1," each company's tag says to "sock" the rice (instead of "soak" it).  This is overwhelming proof that Ali Baba copied Global Commodities' package.

17. The above is clearly an apparent attempt by Defendant to unfairly compete with Plaintiff in the same market by appropriating Plaintiff's trade dress.

### C. Defendant's Infringement Of Plaintiff's Trade Dress

18. Per 15 U.S.C. 1114, a plaintiff's trade dress is protected by federal law against infringement by use of colorable imitations of same which are "likely to cause confusion, or to cause mistake, or to deceive."

19. The above constitutes Federal unfair competition and trade dress infringement pursuant to 15 U.S.C. 1125, as well as unfair competition pursuant to state statutes.

20. Consumers will likely assume that Ali Baba's infringing package is that of Global Commodities, causing Global Commodities lost sales, especially since the bags are typically wrapped in plastic, obscuring any subtle differences. Plaintiff's and Defendant's products occupy the identical markets, as they are literally sold to the same customers. Thus, the products are in such proximity that consumer confusion is the only logical result.

21. Prospective purchasers of Plaintiff's and Defendant's products will begin by assuming there is an affiliation between Plaintiff and Defendant. Thereafter, they are unlikely to conduct sufficient research to confirm that the parties are unaffiliated.

22. As Defendant continues to expand its product line and relevant sales volume, instances of actual confusion will only increase, much to Plaintiff's detriment.

23. Because Ali Baba has infringed Global Commodities' intellectual property knowingly and willfully, Global Commodities is entitled to a substantial court award of damages, reimbursement of its legal fees and costs, and an injunction against Ali Baba's distribution and sale of the infringing products.

24. In sum, Plaintiff has expended significant time, effort, and resources in promoting its trade dress. Defendant is free riding on Plaintiff's trade dress, enjoying revenues from using same

without the expenditures associated with truly developing same. Plaintiff is being damaged by Defendant's infringement, including lost revenues and damage to business reputation.

25. Accordingly, Plaintiff seeks damages in the form of: (1) all of Defendant's profits with interest from the inception of Defendant's unauthorized usage of the marks through conclusion of this action; (2) the damages sustained by Plaintiff; and (3) the costs of the action pursuant to 15 U.S.C. § 1117(a).

26. In addition, pursuant to 15 U.S.C. § 1117(b), Plaintiff also demands treble damages and attorneys fees due to Defendant's bad faith and ongoing willful, egregious infringement.

### AS AND FOR A FIRST CAUSE OF ACTION: TRADE DRESS INFRINGEMENT
### (Violation of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360(K))

27. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 26 set out herein, with the same force and effect as if fully set forth therein.

28. Plaintiff has made a substantial investment of time, money, skill, and effort to create a strong public association with its trade dress.

29. Defendant is using Plaintiff's trade dress in connection with the same goods offered by Plaintiff.

30. Defendant's usage of Plaintiff's trade dress is likely to cause confusion among relevant consumers.

31. Defendant has violated the terms of the Lanham Act, codified at 15 U.S.C. 1051, et seq.

32. Plaintiff has suffered and will to continue to suffer economic losses due to the infringement of Defendant, in violation of 15 U.S.C. 1051, et seq.

33. Plaintiff is unable to ascertain the amount of its actual damages at this time.

**WHEREFORE**, Plaintiff requests that:

A. It be adjudged that Plaintiff's trade dress has been infringed by Defendant;

B. Defendant and its officers, directors, agents, representatives, attorneys and all persons acting and claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation with them, and each of them, be permanently enjoined from using Plaintiff's trade dress.

C. Defendant be required to account for its profits from infringement;

D. That the Court award Plaintiff damages against Defendant in an amount adequate to compensate Plaintiff on their first cause of action;

E. That the Court award Plaintiff costs and disbursements of this action as provided by 15 U.S.C. 1117(a);

F. That the Court increase the amount of damages found or assessed for Defendant's infringement by three times, and award reasonable attorneys fees, on account of the willful, intentional, and deliberate character of Defendant's infringing acts, as provided by 15 U.S.C. 1117(b);

G. That the Court award Plaintiff such other and further relief as the Court deems just, proper, and equitable.

Dated: Calverton, New York
December 19, 2017

    /s/ Todd Wengrovsky
Todd Wengrovsky
Law Offices of
Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
Fax (631) 727-3401
contact@twlegal.com
*Attorney for Plaintiff*