**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
GLOBAL COMMODITIES, INC.,

                            Plaintiff,

        -against-                             Case No. 2:18-cv-00498

ALI BABA ENTERPRISES OF NY, INC. AND
SAYED HASSIB AZAM,

                            Defendants.
---------------------------------------------------------------X

## ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants Ali Baba Enterprises of NY, Inc. and Sayed Hassib Azam ("Defendants") answer the Amended Complaint filed by Plaintiff Global Commodities, Inc. as follows:

1. Denied as conclusions of law.

2. Denied as a conclusion of law. By way of further response, denied. Defendants are without sufficient knowledge or information to determine the truth of the averments as to Plaintiff's principal place of business stated in this paragraph, and the allegations are therefore denied.

3. Denied. Defendants are without sufficient knowledge or information to determine the truth of the averments stated in this paragraph, and the allegations are therefore denied.

4. Admitted.

5. Denied. Further denied as conclusions of law.

6. Denied. Defendants are without sufficient knowledge or information to determine the truth of the averments stated in this paragraph, and the allegations are therefore denied.

7. Denied. Defendants are without sufficient knowledge or information to determine the truth of the averments stated in this paragraph, and the allegations are therefore denied.

8. Denied. Defendants are without sufficient knowledge or information to determine the truth of the averments stated in this paragraph, and the allegations are therefore denied.

9. Admitted.

10. Admitted in part and denied in part. Defendants admit only that Defendant Ali Baba is an importer and distributor of food products, including rice. The remaining allegations are denied.

11. Denied. The photographs speak for themselves.

12. Admitted in part and denied in part. Defendants admit only that each brand name contains two words, each of two syllables, each brand with A-B initials. The remaining allegations are denied.

13. Admitted in part and denied in part. Defendants admit only that each package contains a rectangle with scrollwork at each of the four corners, the text "NET WT." in a rectangular, shadowed box, and the weight in pounds and kilograms in a rectangular, shadowed box. The remaining allegations are denied.

14. Denied. Defendants are without sufficient knowledge or information to determine the truth of the averments stated in this paragraph as the backs of the bags are not shown, and the allegations are therefore denied.

15. Admitted in part and denied part. Defendants admit only that the right side of each bag bears the brand name. The remaining allegations are denied. Defendants are without sufficient knowledge or information to determine the truth of the averments stated in this paragraph, and the allegations are therefore denied.

16. Admitted in part and denied in part. Defendants admit only that the upper left portion of the bags has a tag facing front. The remaining allegations are denied. Defendants are

without sufficient knowledge or information to determine the truth of the averments stated in this paragraph as the tags of both bags are not shown in sufficient detail, and the allegations are therefore denied. By way of further response, denied as a conclusion of law.

17. Denied. By way of further response, denied as a conclusion of law.

18. The allegations in this paragraph are a restatement of 15 U.S.C. § 1125, to which no response is required. To the extent a response is required, denied.

19. Denied. By way of further response, denied as a conclusion of law.

20. Denied. By way of further response, denied as a conclusion of law.

21. Denied.

22. Denied.

23. Denied. By way of further response, denied as a conclusion of law.

24. Denied as conclusions of law. By way of further response, Defendants are without sufficient knowledge or information to determine the truth of the averments stated in this paragraph, and the allegations are therefore denied.

25. The allegations in this paragraph are a characterization of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, denied.

26. The allegations in this paragraph are a characterization of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, denied.

27. Defendants incorporate by reference their responses to each allegations in paragraphs 1-26 above as if set forth here at length.

28. Denied. Defendants are without sufficient knowledge or information to determine the truth of the averments stated in this paragraph, and the allegations are therefore denied.

29. Denied.

30. Denied. By way of further response, denied as a conclusion of law.

31. Denied. By way of further response, denied as a conclusion of law.

32. Denied. Defendants are without sufficient knowledge or information to determine the truth of the averments stated in this paragraph, and the allegations are therefore denied. By way of further response, denied as a conclusion of law.

33. The allegations in this paragraph are a characterization of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that Plaintiff's Amended Complaint be dismissed in its entirety.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state a claim for which relief may be granted, especially against defendant Sayed Hassib Azam, an individual.

2. Plaintiff's claims in the Amended Complaint are barred by the doctrine of fair use.

3. Plaintiff's claims in the Amended Complaint are barred, in whole or in part, because any alleged use by Defendants of Plaintiff's alleged trade dress was *de minimus* and caused no likelihood of confusion and no damages.

4. Plaintiff's claims in the Amended Complaint are barred because the infringement, if any, was innocent.

5. Plaintiff's claims in the Amended Complaint are barred on the basis Plaintiff's asserted trade dress is functional.

6. Plaintiff's claims in the Amended Complaint are barred on the basis Plaintiff's asserted trade dress is not distinctive and lacks secondary meaning.

7. Plaintiff's claims in the Amended Complaint are barred by the doctrines of acquiescence, laches, estoppel, and/or waiver.

8. Applicant reserves the right to assert and pursue additional affirmative defenses.

                                          Respectfully submitted,

                                          Ryder, Lu, Mazzeo & Konieczny LLC

Date: April 23, 2018               By: /FrankAMazzeo/
                                          Frank A. Mazzeo
                                          808 Bethlehem Pike, Suite 200
                                          Colmar, PA 18915
                                          (215) 997-0248 (t)
                                          (215) 997-0266 (f)
                                          fmazzeo@ryderlu.com
                                          *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants' Answer to Amended Complaint was served on the following by email on the date set forth below:

**Todd Wengrovsky**
**Law Offices of Todd Wengrovsky, PLLC**
**285 Southfield Road, Box 585**
**Calverton, NY 11933**
**(631) 727-3400 (t)**
**(631) 727-3401 (f)**
**contact@twlegal.com**

Date: April 23, 2018                              By: /DenisYanishevskiy/
                                                      Denis Yanishevskiy